# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     3:13-cv-00115 |
| | ) |
| BALLARD SHELL, DANA E. SHELL, DAVID BRETTELL AND NOVA BRETTELL | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a declaratory judgment action in which the Allstate Insurance Company seeks a declaration that, as a matter of law, it owes no coverage to defendants Ballard Shell and Dana E. Shell under a homeowner's policy issued to the Shells. Allstate claims that the Shells were operating a daycare business out of their home in violation of the Policy. This, according to Allstate, makes the Policy voidable. The other defendants in the case are David and Nova Brettell, whose child died from asphyxiation after becoming entangled in the straps of a car seat that he was placed in by the Shells at the daycare. None of the Defendants have appeared, pled or otherwise defended as required by the Federal Rules of Civil Procedure. So Allstate seeks a default judgment.

## BACKGROUND

Allstate issued the Policy to the Shells, with an effective date of May 27, 2012. In the application for insurance, the Shells were asked "[i]s there any store, business or professional activity in the building, at the applicant's premises, or at additional premises owned by the applicant?" [DE 14 at 3-4.] The Shells answered "No." [*Id.* at 4.] The Policy included clauses

exempting from coverage bodily injury or property damage of guests arising out of the past or present business activities of an insured. [DE 1-1 at 47.] The Policy defined "business" as "any full- or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes. The providing of home day care services to other than an insured person or relative of an insured person for economic gain is also a business." [DE 1-1 at 24.] The Policy also stated that fraud, misrepresentation, or concealment of material facts may, at Allstate's discretion, void the Policy, and Allstate will not cover any loss in which an insured person has concealed or misrepresented any material fact. [DE 1-1 at 27.]

Shortly after the policy became effective, on August 6, 2012, Peyton Brettell (the son of David and Nova Brettell), tragically died from asphyxiation after becoming entangled in the straps of a car seat he was placed in for a nap while at the Shells daycare. The Kosciusko County prosecutor has commenced a felony criminal proceeding against Dana Shell on the charge of neglect of a dependent resulting in death. The Brettells have retained counsel to represent them in a civil action against the Shells. The Brettells' counsel contacted the Shells by mail, requesting the name of their insurance carrier and information regarding coverage under any policy should a civil action be initiated.

Here, Allstate seeks a declaratory judgment that it owes no liability coverage to the Shells for any claims initiated by the Brettells for their alleged personal and emotional injuries as a result of their son's death while in Dana Shell's care at her home-based daycare business. Allstate also seeks a declaratory judgment that the Policy is voidable at Allstate's election due to the misrepresentation and concealment of material facts in the application for insurance because the Shells did not indicate that Dana ran a daycare business out of the insured premises. [DE 13.]

Allstate filed this action on February 21, 2013. The Shells and the Brettells were served with a summons on February 26, 2013, thus requiring a response by March 19, 2013. Seeing no response from any of the defendants, on October 23, 2013 I ordered Allstate to notify of its Motion for Default any attorney it knew represented the Shells or the Brettells in the current or underlying civil or criminal litigation. [DE 16.] Allstate's counsel filed notice on October 24, 2013 that it had done so. [DE 17.] To date, neither the Shells nor the Brettells have entered a response, nor has any attorney for any of them entered an appearance. As a result, the Clerk of Court entered default pursuant to Fed. R. Civ. P. 55(a) on July 11, 2013. [DE 11.]

## DISCUSSION

Federal Rule of Civil Procedure 55(b) governs default judgments, and the Court must exercise sound judicial discretion in entering a default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A court may look to a number of factors when deciding a motion for default judgment, including "the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established." C. Wright, A. Miller & M. Kane, *10A Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998).

Here, I find that a default judgment against Ballard Shell, Dana E. Shell, David Brettell and Nova Brettell is proper. No material issues of fact are at issue and the grounds for default are clearly established. The Policy excluded liability for injuries arising out of business activities, and also allowed Allstate to void the policy for material misrepresentations by the insured. Based on the undisputed facts, the Shells operated a business out of the insured premises but

3

misrepresented to Allstate that they did not. The injury arose out of those business activities. Thus, the injury to the Brettells' child is not covered under the Policy, and the Policy is voidable in any event on the basis of the misrepresentation. The default goes beyond a mere technicality, as the Shells and the Brettells have not filed any responsive pleading despite being served with the Complaint and Summons over eight months ago, and reminded via their respective attorneys one month ago. A defendant cannot be allowed to completely ignore a lawsuit against him. "A trial court is entitled to say, under proper circumstances, that enough is enough." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir.1989) (internal citation omitted). Furthermore, Allstate does not seek damages, but merely a declaratory judgment regarding the insurance policy issued to the Shells. A weighing of these factors favors the entry of default judgment against the Shells and the Brettells.

## **CONCLUSION**

For the foregoing reasons, Allstate's Motion for Default Judgment against defendants Ballard Shell, Dana E. Shell, David Brettell, and Nova Brettell [DE 13] is **GRANTED.**

The Court **ORDERS** that:

1. Allstate Insurance Company owes no liability coverage under Insurance Policy No. 9-22-418178 to Ballard Shell and/or Dana E. Shell for any claims initiated by David Brettell and/or Nova Brettell for their alleged personal and emotional injuries as a result of their son's death while in Dana Shell's care at her daycare business which she operated out of her home;

2. Homeowner's Insurance Policy 9-22-418178 is voidable at Allstate's election due to the misrepresentation and concealment of material facts in the application for insurance because the Shells did not indicate that Dana Shell ran a daycare business out of the insured premises.

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein. The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: November 21, 2013

/s/ Philip P. Simon
PHILLIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT